UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SHERFAM, INC.,

                        Plaintiff,

- against -

CDx DIAGNOSTICS, INC.,
CDx LABORATORIES, INC and ORAL CANCER
PREVENTION INTERNATIONAL, INC.,

                        Defendants.

------------------------------------------------------------x

15 Civ. 10170 (AKH)

## DECLARATION OF JOEL SCHREIBER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**JOEL SCHREIBER**, pursuant to 28 U.S.C. § 1746, affirms the following to be true and correct under the penalty of perjury:

1. I am a member of CDx Partners, LLC ("CDx Partners"). Unless otherwise indicated, I have personal knowledge of the facts and circumstances set for the herein and submit this Declaration in support of Defendants' motion to dismiss the Complaint for lack of standing.

2. CDx Partners was appointed successor Agent after GFP resigned as one of the original Agents under the Loan Agreement.

3. In February 2013 CDx Partners entered into an Assignment and Sale Agreement (Exhibit 7) pursuant to which it agreed to acquire (as the designee of Waterbridge Capital, LLC) certain assets from the Goldstein Group, which included a promissory note executed by Defendant CDx Diagnostics, Inc. ("CDx"), in the amount of $15,013,856 (the Goldstein Note) (Exhibit 3) together with certain other assets, as well as the Goldstein Group's interest in the Collateral and IP Collateral as described in the Complaint (the "Goldstein Assets").

4. CDx Partners was represented in that transaction by the law firm of Olshan Frome Wolosky LLP ("Olshan"). Olshan also represented the seller in that same transaction, the Goldstein Group.

5. As part of that transaction, I understood that GFP was the Agent appointed by the Goldstein Group in accordance with the Loan Agreement. I also understood that as part of our transaction, CDx Partners would become, as it did become, GFP's successor Agent.

6. Olshan – who also represented Sherfam at that time, as it does in this case – advised me at that time that CDx Partners had in fact been appointed the successor Agent. In reliance on that information, CDx Partners signed the February 2014 Forbearance Agreement (Exhibit 10) as successor Agent. Sherfam signed that same agreement. Olshan represented both CDx Partners and Sherfam at that time.

7. Certainly from that moment on, until CDx Partners sold its interest to DW I LLC ("DW") under the CDx Partners Sale Agreement (see Exhibits 7 and 8), CDx Partners was the successor Agent of GFP.

8. In April 2014, CDx Partners assigned its interest in the Goldstein Assets to DW pursuant to an Assignment and Sale Agreement dated April 24, 2014 (the "CDx Partners Sale Agreement"). (Exhibit 11)

9. Among other things, in the CDx Partners Sale Agreement (section 7(D)), CDx Partners agreed to deliver to DW a written notice that it could deliver to Sherfam and the Borrowers, the Defendants in this case, notifying them that DW had been appointed as successor Agent under the Loan Agreement:

> … of the assignment and sale of Assignor's interests in the Acquired Assets *and the appointment of Assignee as Agent under the Loan Documents (as successor to GFP)* in form and substance reasonably satisfactory to the Assignee. [Emphasis added.]

2

10. CDx Partners was comfortable agreeing to provide such a notice to DW. Olshan handled the closing of that transaction on behalf of CDx Partners.

11. I recently learned that Sherfam had commenced this action contending that it is the sole Agent under the Loan Agreement because there was no successor Agent appointed after GFP purportedly resigned in June 2013.

12. Sherfam did not ask for CDx Partners' consent to commence this action. CDx Partners is opposed this case.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on February 19, 2016, at New York, New York.

_____
Joel Schreiber